IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTEZ TALLEY, | : Civil No. 3:19-CV-01792 |
| Petitioner, | : |
| v. | : Judge Jennifer P. Wilson |
| MARK CAPPOZZA, | : |
| Respondent. | : Magistrate Judge Karoline Mehalchick |

## **MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2254 that is currently before the court on Petitioner Quintez Talley's ("Talley") petition for writ of habeas corpus, a report and recommendation issued by United States Magistrate Judge Karoline Mehalchick, which recommends that the petition be dismissed as untimely, and Talley's objections to the report and recommendation. For the reasons that follow, the objections are overruled and the report and recommendation is adopted in its entirety.

### BACKGROUND AND PROCEDURAL HISTORY

This case arises from Talley's conviction for two counts of aggravated harassment in the Centre County Court of Common Pleas. (Doc. 12 at 1.) Talley was sentenced to a term of imprisonment for the conviction on July 2, 2015. (*Id.* at 3.) He appealed to the Pennsylvania Superior Court, which denied the appeal on December 13, 2016. (*Id.*) His sentence then became final on January 12, 2017, which was the deadline for him to appeal from the Superior Court's decision. (*Id.*)

1

Talley filed a petition for post-conviction relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on December 1, 2017. (*Id.*) The trial court denied his PCRA petition on August 3, 2018, and the decision became final on September 2, 2018, the deadline for Talley to appeal the court's ruling to the Superior Court. (*Id.*)

Talley filed the habeas corpus petition that initiated this case in the United States District Court for the Western District of Pennsylvania on July 19, 2019. (Doc. 1.) Talley moved for the appointment of counsel on October 4, 2019. (Doc. 7.) The Western District transferred the case to this district on October 7, 2019, and clarified that Talley's motion to appoint counsel would be left to the discretion of the transferee court. (Doc. 8.) Following the transfer, Judge Mehalchick issued an order for Talley to show cause as to why his petition should not be dismissed as untimely. (Doc. 11.) Talley did not respond, and Judge Mehalchick accordingly issued the instant report and recommendation on May 19, 2020, recommending that the petition be dismissed as untimely. (Doc. 12.)

Talley filed objections to the report and recommendation and a brief in support of his objections on November 20, 2020, arguing that the report and recommendation should be rejected because his petition is timely, and because Judge Mehalchick failed to consider his request for the appointment of counsel. (Docs. 22–23.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also contains a statutory tolling provision under 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Here, having conducted a de novo review of the report and recommendation and Talley's objections, the court will adopt the report and recommendation and dismiss the case as untimely. As Judge Mehalchick correctly notes, the limitations period for Talley's petition began to run on January 12, 2017, the date his sentence became final. (Doc. 12 at 3.) The petition was then subject to statutory tolling from December 1, 2017 to September 2, 2018 while Talley's PCRA petition was pending, a period of 275 days. (Doc. 12 at 3–4.) Applying that tolling period to the limitations period results in a deadline of October 14, 2018, but Talley's

4

petition was not filed until July 11, 2019, nearly nine months after that deadline. (*Id.* at 4.) Judge Mehalchick is therefore correct that the petition is untimely.

Talley raises two objections to this conclusion. First, he argues that the report and recommendation should be rejected because Judge Mehalchick failed to consider his motion to appoint counsel. (Doc. 22 at 1–2.) Although Talley is correct that the court has not yet ruled on his motion to appoint counsel, this is not an adequate basis to reject the report and recommendation. A district court considering whether to appoint counsel in a civil case must, as a threshold matter, consider the merits of the petitioner's claims. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). "Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Id.* (quoting *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)). A district court abuses its discretion when it appoints counsel "to advance claims with no arguable merit in law and fact." *Houser v. Folino*, 927 F.3d 693, 698 (3d Cir. 2019). Here, because Talley's habeas corpus petition is untimely, it has no arguable merit in law or fact, and the court will accordingly deny the motion to appoint counsel.

Talley's second objection is that his petition is timely because it was filed within one year of the denial of his PCRA petition. (Doc. 23 at 2–3.) Talley notes that his PCRA petition was denied on August 3, 2018, and that his habeas corpus

petition was filed on July 11, 2019, which Talley asserts makes the petition timely under AEDPA's one-year statute of limitations. (*Id.*)

This objection is without merit. The language of AEDPA is clear that the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period therefore began to run on January 12, 2017, and not, as Talley contends, on August 3, 2018. Statutory tolling also does not make Talley's petition timely, as statutory tolling only pauses the limitations period, it does not restart or reset the limitations period. *Johnson v. Hendricks*, 314 F.3d 159, 161–62 (3d Cir. 2002).

## CONCLUSION

For the foregoing reasons, the report and recommendation is adopted in its entirety and Talley's objections are overruled. A certificate of appealability will not be issued because no reasonable jurist could disagree with the court's decision or conclude that the issues presented "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Court Judge
> Middle District of Pennsylvania

Dated: December 14, 2020